IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire Corporation, | ) ) ) ) | **JUDGE KARAS** |
| Plaintiff, | ) ) ) | '07 CIV 5886 No. _____ |
| v. | ) ) | |
| LARRY MULLEN JR. and PAUL HEWSON, | ) ) ) | RECEIVED JUN 21 2007 U.S.D.C. S.D. N.Y. CASHIERS |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff NORTH AMERICAN SPECIALTY INSURANCE COMPANY ("NAS"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby complains against Defendants LARRY MULLEN JR. and PAUL HEWSON (a.k.a. "Bono") as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Act, 28 U.S.C. § 2201 and Federal Rules of Civil Procedure 57, for the purpose of determining a question of actual controversy between the parties as hereinafter more fully appears.

2. This action is currently ripe for adjudication.

3. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, as declaratory judgment is sought on an insurance policy with policy limits of $4,000,000 per occurrence.

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that the insurance policy in question was delivered in this District to 415 Madison Avenue, New York, New York 10017.

## PARTIES

5.  Plaintiff, NORTH AMERICAN SPECIALTY INSURANCE COMPANY (hereinafter "NAS"), is a corporation organized pursuant to the laws of the State of New Hampshire with a principal place of business in New Hampshire.

6.  That at all times hereinafter mentioned, plaintiff NAS was, and still is, an insurance company duly authorized to transact the business of issuing insurance policies in the State of New York.

7.  Defendant LARRY MULLEN, JR. is a citizen of the Republic of Ireland.

8.  Defendant PAUL HEWSON is a citizen of the Republic of Ireland.

## FACTS

*Underlying Action*

9.  On November 22, 2000, Larry Mullen, Jr. and Paul Hewson, individual members of the music band U2, held a press conference in Brazil for South American journalists in connection with the launch and promotion of their new CD entitled "All That You Can't Leave Behind".

10. Upon information and belief, the press conference was arranged by the record company in order to publicize U2's new CD.

2

2755355.1

  
11. Upon information and belief, during the press conference, the defendants Paul Hewson (a.k.a. Bono) and Larry Mullen, Jr., allegedly made defamatory statements against Franco Cecchini Bruni Neto with respect to a prior U2 concert tour in Brazil which took place in 1998.

12. In 1998, U2 performed a concert tour of 3 shows in San Paulo and Reo de Janeiro, Brazil. Franco Cecchini Bruni Neto was the promoter of that Brazilian tour.

13. The alleged comments made by Paul Hewson and Larry Mullen, Jr. were directed to the journalist Mario Marques and published in the Brazilian newspaper *O Globo*.

14. Thereafter, Franco Cecchini Bruni Neto served and filed a complaint against Paul Hewson, Larry Mullen, Jr., *O Globo*, and Mario Marques, in the Second Civil Court of the Circuit Court of Balneario Canboriu, State of Santa Catarna, Federative Republic of Brazil (Case No. 005.03.000544-7).

15. The complaint in that underlying action alleges that Franco Cecchini Bruni Neto was the promoter of a tour by U2 in Brazil in 1998, and that while in Brazil in November of 2000, Larry Mullen, Jr. and Paul Hewson made untrue and malicious statements with the intention of damaging Mr. Bruni Neto's reputation as a concert promoter.

16. The complaint in the underlying action alleges that as a result of the untrue and malicious statements, Mr. Bruni Neto suffered a loss of business and emotional distress which manifested in physical symptoms and behavioral disorders.

17. In answering the complaint in the underlying action, the defendants Larry Mullen Jr. and Paul Hewson asserted, in paragraphs 44 and 45:

3

"44. - On November 22, 2000, Co-defendants Larry and Bono held a press conference for South American journalists, for the launch of the record "All That You Can't Leave Behind". The interview was held in the Copacabana Palace Hotel, in Rio de Janeiro and lasted 3 (three) hours, including the time individually dedicated to specific reporters who were present. (emphasis supplied).

45. – It is important to mention that during the interview Larry and Bono limited themselves to answering questions asked by journalists, who, in turn, through the various media, published them in whatever manner they thought best."

*Insurance Policy*

18. Plaintiff NAS issued Commercial General Liability Policy No. 60C0005167-00 (*hereinafter* "the Policy") to the defendants Larry Mullen, Jr. and Paul Hewson, for the period of February 14, 2000, through February 14, 2001.

19. Coverage A of the Policy provides coverage for bodily injury and property damage caused by an occurrence.

20. The Policy defines bodily injury as bodily injury, sickness or disease sustained by a person, including death.

21. The Policy defines property damage as physical injury to tangible property or loss of use of tangible property that is not physically injured.

22. The Policy defines an occurrence as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

23. Coverage B of the Policy provides coverage for personal injury caused by an offense arising out the insureds' business, excluding advertising, publishing, broadcasting or telecasting done by or for the insured.

2755355.1

24. Coverage B of the Policy provides coverage for advertising injury caused by an offense committed in the course of advertising the insureds' goods, products or services.

25. The Policy includes an endorsement entitled **Field of Entertainment Limitation Endorsement** (Policy Change No. 3, IL 12 01 11 85), which provides in pertinent part:

### Field of Entertainment Limitation Endorsement

I.    It is agreed that COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY, also excludes the following:
c. "Personal Injury" or "Advertising Injury" arising out of the "Field of Entertainment Business" of the Insured with respect to the following offenses:
\*\*\*

3) **Libel, slander or other forms of defamation**; however, this exclusion does not apply to "personal injury" or "advertising injury" if caused by an offense arising out of personal, guest or public appearances by the Named Insured on programs of others that are not related to the advertising, promoting, displaying or broadcasting of motion pictures, television shows, commercials, documentaries, or industrial, educational or training films, stage or theatrical productions, or any literature, including musical materials, that are produced, conducted, composed or distributed by or on behalf of the Named Insured , which are the subject of this insurance.

II.    "Field of Entertainment Business" as used herein includes the following:
a. The creation, production, publication, distribution, exploitation, exhibition, advertising and publicizing in various media of ... phonograph records, audio and video tapes, cassettes and discs, electrical transcription, music in sheet and other form ... and other similar properties.
b. The conduct of any players, entertainers or musicians in any production, show appearance or performance, or exhibition except as defined in I.c.3 hereof.

26. The Policy also contains an exclusion for **Designated Professional Services** (Endorsement CG 21 16 11 85), which provides, in pertinent part:

5

**EXCLUSION Designated Professional Services**

**Schedule**
Description of Professional Services:
1. Concert Promotional Activities
***

With respect to any professional services shown in the Schedule, this insurance does not apply to "bodily injury," "property damage," "personal injury," or "advertising injury" due to the rendering or failure to render any professional service.

## COUNT I

27. Plaintiff repeats each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if set forth fully herein.

28. The complaint in the underlying action alleges that the defendants Larry Mullen, Jr. and Paul Hewson made untrue and malicious statements with the intention of damaging Mr. Bruni Neto's reputation as a concert promoter.

29. The complaint in the underlying action further alleges that as a result of these untrue and malicious statements made by the defendants Larry Mullen Jr. and Paul Hewson, Mr. Bruni Neto suffered a loss of business and emotional distress which manifested in physical symptoms and behavioral disorders.

30. Coverage A of the Policy provides coverage for bodily injury and property damage caused by an occurrence.

31. The underlying action brought by Mr. Bruni Neto does not arise out of, or in any way involve an occurrence, as defined in the Policy, as that action does not allege injuries or damages as a result of an accident.

6

2755355.1

32. Coverage A of the Policy is inapplicable to the Neto action as Coverage A only provides coverage for bodily injury or property damage caused by an occurrence.

33. Coverage A of the Policy is inapplicable to the Neto action as Mr. Bruni Neto has not alleged that he has suffered any bodily injury which is defined in the Policy as bodily injury, sickness or disease.

34. Coverage A of the Policy is inapplicable to the Neto action as Mr. Bruni Neto has not alleged that he has suffered any property damage, which is defined in the Policy as physical injury to tangible property or loss of use of tangible property that is not physically injured.

35. Thus, there is no coverage available to Larry Mullen, Jr. and Paul Hewson pursuant to Coverage A of the Policy, in connection with the lawsuit entitled, *Cecchini Bruni Neto v. Paul Hewson, Larry Mullen, Jr., O Globo, and Mario Marques.*

36. Therefore, NAS has no duty to defend and/or indemnify Larry Mullen, Jr. and Paul Hewson in connection with the *Cecchini Bruni Neto v. Paul Hewson, Larry Mullen, Jr., O Globo, and Mario Marques* lawsuit pursuant to Coverage A of the Policy.

37. NAS therefore demands declaratory judgment against Larry Mullen, Jr. and Paul Hewson, declaring that NAS has no duty to defend and/or indemnify Larry Mullen, Jr. and Paul Hewson in connection with the lawsuit entitled *Cecchini Bruni Neto v. Paul Hewson, Larry Mullen, Jr., O Globo, and Mario Marques.*

38. NAS has no other adequate remedy at law.

39. That there is a controversy existing between NAS and Larry Mullen, Jr. and Paul Hewson with regard to NAS' obligation to Larry Mullen, Jr. and Paul Hewson.

40. That NAS requests a declaration of all parties rights and obligations by this Court.

7

## COUNT II

41. Plaintiff repeats each and every allegation contained in paragraphs "1" through "40" with the same force and effect as if set forth fully herein.

42. The Policy excludes from coverage "advertising injury" arising out of the "Field of Entertainment Business" of the defendants Larry Mullen Jr. and Paul Hewson.

43. "Advertising injury" as defined in the Policy includes "[o]ral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services".

44. The alleged statements of the defendants Larry Mullen Jr. and Paul Hewson, which were published in the Brazilian newspaper *O Globo* and which are the subject of the underlying action, were made during a press conference in Brazil that was held by the defendants in order to promote the band U2's new CD "All that You Can't Leave Behind".

45. At the time the alleged statements were made, the defendants Larry Mullen Jr. and Paul Hewson were clearly engaged in Field of Entertainment Business as defined in the policy as they were involved in the creation, production, publication, distribution, exploitation, exhibition, advertising and publicizing in various media of phonograph records, audio and video tapes, cassettes and discs.

46. The complaint in the underlying action alleges that the statements made by the defendants Larry Mullen Jr. and Paul Hewson were false and made exclusively with the intention of damaging Mr. Bruni Neto's image and reputation causing him irreparable harm.

47. The statements made by the defendants Larry Mullen Jr. and Paul Hewson are alleged to constitute libel, slander or other forms of defamation.

2755355.1

48. The Policy expressly excludes from coverage any claims against the defendants Larry Mullen Jr. and Paul Hewson of libel, slander or other forms of defamation arising out of the "Field of Entertainment Business".

49. Based on the Field of Entertainment Limitation Endorsement contained in the Policy, there is no coverage available to Larry Mullen, Jr. and Paul Hewson in connection with the lawsuit entitled, *Cecchini Bruni Neto v. Paul Hewson, Larry Mullen, Jr., O Globo, and Mario Marques*, as the allegations addressed to the defendants in that lawsuit are limited to excluded claims of libel, slander and/or other forms of defamation.

50. NAS has no duty to defend and/or indemnify Larry Mullen, Jr. and Paul Hewson in connection with the *Cecchini Bruni Neto v. Paul Hewson, Larry Mullen, Jr., O Globo, and Mario Marques* lawsuit as the Policy specifically excludes from coverage all claims of libel, slander or other forms of defamation if such libel, slander or defamation arises out of the Insured's actions and activities in connection with and as part of Field of Entertainment Business.

51. NAS therefore demands declaratory judgment against Larry Mullen, Jr. and Paul Hewson, declaring that NAS has no duty to defend and/or indemnify Larry Mullen, Jr. and Paul Hewson in connection with the lawsuit entitled *Cecchini Bruni Neto v. Paul Hewson, Larry Mullen, Jr., O Globo, and Mario Marques*.

52. NAS has no other adequate remedy at law.

53. That there is a controversy existing between NAS and Larry Mullen, Jr. and Paul Hewson with regard to NAS' obligation to Larry Mullen, Jr. and Paul Hewson.

54. That NAS requests a declaration of all parties' rights and obligations by this Court.

2755355.1

## COUNT III

55. Plaintiff repeats each and every allegation contained in paragraphs "1" through "54" with the same force and effect as if set forth fully herein.

56. The alleged statements of the defendants Larry Mullen Jr. and Paul Hewson, which are the subject of the underlying action, were made during a press conference in Brazil for the promotion of the band U2's new CD "All that You Can't Leave Behind".

57. At the time that the alleged statements were made, the defendants Larry Mullen Jr. and Paul Hewson were engaged in concert promotional activities.

58. Based on the Designated Professional Services (Endorsement CG 21 16 11 85) exclusion to the Policy, there is no coverage available to Larry Mullen, Jr. and Paul Hewson in connection with the lawsuit entitled, *Cecchini Bruni Neto v. Paul Hewson, Larry Mullen, Jr., O Globo, and Mario Marques,* as the underlying claim arises out of the Insured's rendering of Professional Services, which is defined in the Policy as Concert Promotional Activities. Libel, slander and defamation claims arising out of Professional Services are excluded from coverage under the Designated Professional Services Endorsement.

59. Therefore, NAS has no duty to defend and/or indemnify Larry Mullen, Jr. and Paul Hewson in connection with the *Cecchini Bruni Neto v. Paul Hewson, Larry Mullen, Jr., O Globo, and Mario Marques* lawsuit.

60. NAS therefore demands declaratory judgment against Larry Mullen, Jr. and Paul Hewson, declaring that NAS has no duty to defend and/or indemnify Larry Mullen, Jr. and Paul Hewson in connection with the lawsuit entitled *Cecchini Bruni Neto v. Paul Hewson, Larry Mullen, Jr., O Globo, and Mario Marques.*

10

2755355.1

61. NAS has no other adequate remedy at law.

62. That there is a controversy existing between NAS and Larry Mullen, Jr. and Paul Hewson with regard to NAS' obligation to Larry Mullen, Jr. and Paul Hewson.

63. That NAS requests a declaration of all parties rights and obligations by this Court.

**WHEREFORE**, NAS prays that it has a declaratory judgment herein declaring the rights and other legal relations of the parties hereto in respect to the matter set forth in the complaint and that said declaratory judgment shall specify the following:

That NAS has no duty to defend and/or indemnify LARRY MULLEN, JR. and PAUL HEWSON in connection with the lawsuit entitled *Cecchini Bruni Neto v. Paul Hewson, Larry Mullen, Jr., O Globo, and Mario Marques*, commenced in the Second Civil Court of the Circuit Court of Balneario Canboriu, State of Santa Catarna, Federative Republic of Brazil (Case No. 005.03.000544-7); and

That NAS be awarded such other and further relief as this Court deems just, proper and equitable.

Dated:   New York, New York
         June 21, 2007

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
    MATHEW P. ROSS (MPR 9297)
    Attorneys for Plaintiff
    NORTH AMERICAN SPECIALTY
    INSURANCE COMPANY
    150 East 42nd Street
    New York, New York 10017-5639
    (212) 490-3000
    File No.: 04345.01173

11

2755355.1