IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>LARRY MULLEN JR. and PAUL HEWSON,<br><br>        Defendants. | **NOTICE OF MOTION**<br><br>No. 07 CIV 5886<br><br>Hon. Richard J. Sullivan |

**MOTION FOR AN EXTENSION OF TIME TO SERVE THE COMPLAINT**

**COMES NOW** NORTH AMERICAN SPECIALTY INSURANCE COMPANY, Plaintiff in the above-entitled action, by and through the undersigned counsel of record and, pursuant to Rules 6(b) and 4(m) of the Federal Rules of Civil Procedure, hereby files its Motion for an enlargement of time to serve the complaint, showing unto this honorable Court as follows:

Plaintiff filed the instant action on June 21, 2007, against LARRY MULLEN JR. and PAUL HEWSON. For the reasons set forth in the accompanying Affidavits of Mathew P. Ross and Edmund Walleston, Plaintiff respectfully requests an enlargement of time to serve the Complaint.

WHEREFORE, pursuant to Rules 6(b) and 4(m) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that this Court grant the instant motion; and such other and further relief as this Court deems just and proper.

Respectfully submitted this 21st day of November 2007.

1745650.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Mathew P. Ross (MPR-9297)
Attorneys for the plaintiff
NORTH AMERICAN SPECIALTY INSURANCE
COMPANY
150 East 42nd Street
New York, New York 10017
212-490-3000
File No. 04345.01173

Cc: Grubman Indursky & Schindler, P.C.
152 West 57th Street
New York, New York 10019-3301
Attention: David R. Toraya, Esq.

1745650.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LARRY MULLEN JR. and PAUL HEWSON,<br><br>　　　　　Defendants. | **Affidavit**<br>No. 07 CIV 5886<br><br>Hon. Richard J. Sullivan |

STATE OF NEW YORK　）
　　　　　　　　　　） SS.:
COUNTY OF NEW YORK）

**Mathew P. Ross, Esq.**, being duly sworn, hereby deposes and states:

1.　I am an attorney and counselor at law, duly admitted to practice before the United States District Court for the Southern District of New York and am a member of the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP attorneys for the plaintiff NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire Corporation (hereinafter "NAS"). As such I am fully familiar with all the facts, circumstances, pleadings and proceedings heretofore had herein.

2.　I make this affidavit in support of NAS' motion for an order pursuant to Rules 6(b) and 4(m) of the Federal Rules of Civil Procedure for an enlargement of time to serve the complaint, along with such other and further relief as this Court may deem just and proper.

3.　On June 21, 2007, NAS filed a complaint in this action. **Attached** hereto as **Exhibit A** is copy of the summons and complaint. On or about July 26, 2007, NAS forwarded a courtesy copy of the complaint to David Toraya, counsel for the defendants.

1745656.1

4.   Since that time, the parties have been attempting to negotiate a resolution of this insurance dispute in order to avoid the necessity of proceeding forward with the litigation.

5.   In a letter to this Court dated October 15, 2007, NAS requested an extension of time in which to serve the complaint upon defendants due to the various representatives involved in the ongoing negotiations. **Attached** hereto as **Exhibit B** is a copy of the letter dated October 15, 2007. This request was made prior to the expiration of the 120 days in which to serve the complaint pursuant to Federal Rules of Civil Procedure 4(m).

6.   Federal Rule 4 provides, in pertinent part:

> (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1). (USCS Fed Rules Civ Proc R 4).

7.   However, as per an amendment effective December 1, 2007, Rule 4 will state:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1). (USCS Fed Rules Civ Proc R 4).

8.   Pursuant to Federal Rule of Civil Procedure 4(m), a district court shall dismiss an action without prejudice for plaintiff's failure to effect service of process within 120 days of the filing of a complaint (see Fed. R. Civ. P. 4m). However, a court may grant additional time to complete service if the plaintiff demonstrates good cause for failing to serve the defendant within

2

1745656.1

the 120-day period (see Blessinger v. United States, 174 F.R.D. 29, 31 [E.D.N.Y. 1997] [holding that where "the plaintiff has shown good cause, the extension is mandatory"]).

9. It is within the discretion of the district court to extend this deadline "even if there is no good cause shown" (see Morales v. NYS Dep't of Labor Div. of Emple. Servs., 2007 U.S. Dist. LEXIS 72172 [S.D.N.Y. 2007]; Zapata v. City of New York, 2007 U.S. App. LEXIS 22525 [2d Cir. August 29, 2007] [holding that district courts have discretion to grant extensions even in the absence of good cause]).

10. District courts generally consider three factors in determining whether "good cause" exists to warrant service outside the 120 day limit: [1] whether the delay in service was "the result of mere inadvertence," or whether there has been a "reasonable effort" to effect service[,] . . . [2] prejudice to the defendant[,] . . . [and 3] whether or not the plaintiff has moved under Fed. R. Civ. P. 6(b) for an enlargement of time in which to effect service (see Gordon v. Hunt, 116 F.R.D. 313, 319-321 [S.D.N.Y. 1987] [citations omitted]; Gowan v. Teamsters Union (237), 170 F.R.D. 356, 359-360 [S.D.N.Y. 1997]).

11. It is respectfully submitted that NAS has demonstrated good cause for an enlargement of time to serve the complaint. This declaratory judgment action was commenced on June 21, 2007. On or about July 26, 2007, NAS sent a courtesy copy of the complaint to the defendants' attorney. On October 15, 2007, prior to the expiration of the 120 days, NAS requested an extension of time to serve the complaint from this Court.

12. In the interim, the parties have been attempting to negotiate a resolution of this matter in order to avoid the necessity of proceeding forward with the litigation. **Attached** hereto as **Exhibit C** is an affidavit of Edmund Walleston, a claims specialist for NAS. Thus, the delay in service of the complaint is not the result of "mere inadvertence". Furthermore, the defendants

3

will not be prejudiced as a result of an enlargement as it is in the interest of all parties to attempt to resolve this matter.

13.    Thus, due to the various representatives involved and the good faith efforts of the parties to resolve this matter, we respectfully request an extension of time in which to serve the complaint upon defendants.

**WHEREFORE** the Plaintiff respectfully requests that this Court issue an order granting the instant motion, pursuant to Rules 6(b) and 4(m) of the Federal Rules of Civil Procedure for an enlargement of time to serve the complaint; together with such other and further relief as this Court may seem just and proper.

Dated:    New York, New York
          November 21, 2007

*[signature]*
MATHEW P. ROSS (MPR 9297)

*[signature]*
JAMES F. BURKE
Notary Public, State of New York
No. 02BU6003058
Qualified in Rockland County
Commission Expires February 23, 20 12

4

1745656.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LARRY MULLEN JR. and PAUL HEWSON,<br><br>Defendants. | **Affidavit**<br>No. 07 CIV 5886 |

STATE OF NEW HAMPSHIRE   )
                         ) SS.:
COUNTY OF HILLSBOROUGH   )

Edmund Walleston hereby deposes and states:

1. I am over the age of eighteen and believe in the obligation of an oath.

2. I am currently employed by North American Specialty Insurance Company (hereinafter referred to as "NAS"), the plaintiff in the captioned matter, as a claims specialist and have personal knowledge of the facts and circumstances surrounding the instant declaratory judgment action commenced by NAS.

3. This declaratory judgment action arises out of underlying litigation that was commenced against the defendants in this action entitled *Cecchini Bruni Neto v. Paul Hewson, Larry Mullen, Jr., O Globo, and Mario Marques*.

4. The defendants Paul Hewson and Larry Mullen, Jr. have sought coverage from NAS for the underlying litigation. NAS has taken the position that no coverage is afforded Paul Hewson and Larry Mullen, Jr.

5. NAS has been and continues to be in discussions with representatives of Paul Hewson and Larry Mullin, Jr. in an effort to try and resolve and/or settle the coverage issues without the necessity of having to move forward with the declaratory judgment action.

6. Therefore, NAS respectfully asks this Court to extend the time in which to serve the summons and complaint to December 19, 2007.

3043931.1

Dated: November 14, 2007

                                              EDMUND WALLESTON

Sworn to before me this

16th day of November, 2007

Pauline L. Dionne
~~Notary Public~~ Justice of the Peace

3043931.1